# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 23, 1910.

PETER E. TOME ET AL.

VS.

THE BALTIMORE REFRIGERATING AND HEATING COMPANY OF BALTIMORE CITY.

*George R. Willis* and *Robert H. Smith* for receivers.

*George Whitelock, E. P. Keech, Jr.,* and *Jacob France* for petitioners.

STOCKBRIDGE, J.—

By a petition filed in this cause on the 16th day of June, 1910, the receivers of the Baltimore Refrigerating and Heating Company asked for authority to borrow the sum of $27,733.45, and to issue receivers certificates therefor, for the purpose of enabling them to enter into a contract with the Mayor & City Council of Baltimore for the heating of the Court House and City Hall, and laying the necessary mains, pipes and connections to perform said work.

Coincidentally with the filing of the said petition, verbal representations were made to the court that such application was assented to, approved and desired by the holders of more than 90 per cent. of the outstanding bonds and obligations of the company.

At the same time objection was made to the granting of the petition by counsel representing Robert M. Spedden and others, holding or claiming to hold somewhat less than ten per cent. of the outstanding bonds and obligations of the company, and this objection was subsequently formally made by a plea filed in the proceedings in this cause.

While the petition does not state on its face that it was desired that any such certificates issued should be given priority over the outstanding bonds, such was orally conceded to be the fact, and even if it had not been so stated, it would have been perfectly apparent that no issue of receivers' certificates to come in subsequent to the outstanding bonds would be marketable.

The question is thus squarely presented as to the power, and the extent of the power, of a court of equity to authorize the issuance of receivers' certificates, and give them a priority over outstanding contractual obligations of the concern for which the receivers have been appointed, and to that extent displace the lien of the holders of such obligations.

Most of the authorities upon this subject are collected in a very full note to the case of The Bank vs. Cook, 2 L. R. A., n. s., beginning on page 1013, and reference to authorities will not be made in this memorandum, only a statement of conclusions from the authorities.

The extent of the powers of equity courts with reference to authorizing the issue of receiver's certificates has arisen quite frequently in late years, and it is not to be expected that all of the decisions will be harmonious. The Federal Courts have gone much further in the direction of authorizing such issues than have State Courts, but certain general rules are clearly deducible from the various decisions.

When the expenditure of money is a necessity for the protection or safeguarding of property, all courts recognize the propriety and power to authorize such issue. Where, however, the money sought to be raised by the issue of certificates is not for the protection but for the extension of the property of the corporation by new construction there has been almost an equal unanimity in the refusal of the court to sanction such a proceeding, and the reason assigned is sometimes lack of jurisdiction, sometimes absence of the

power of the court to disturb an existing lien.

The one exception to this rule has been in the case of railroad corporations, but with regard to these again the holding has not been uniform; in some cases, notably that of the Baltimore and Ohio Railroad receivership, certificates were authorized for amounts running to millions of dollars, and merely for the conservation and repair of existing property, but for the construction of new lines and the purchase of new equipment, while in another case even a moderate expenditure for the rebuilding of a bridge was refused.

There is sometimes an attempt to limit the power of the courts in such cases along a line which shall distinguish "public service corporations" from other companies, but this line has been more frequently ignored than observed, so that it is immaterial for the present purpose whether the Baltimore Refrigerating and Heating Company is or is not within the class known as public service corporations." It certainly is not a railroad, and the railroad decisions are at least of doubtful application to the present case.

There are many cases in which an expenditure of money procured by the issuance of receivers' certificates has been sanctioned for the purpose of keeping the corporation in operation, or, as the expression generally is, to maintain it "as a going concern," and, manifestly, if the petition is to be granted in this case, it must be upon that theory.

As appears from the papers in this case, more than a year has passed since the receivers were appointed, and during that time, acting under orders passed by this court, the receivers have continued to operate the plant of the Baltimore Refrigerating and Heating Company.

It is not a question, therefore, in the present case, of keeping the plant of this corporation in operation, but is, as appears from the petition and exhibits filed in the case, a plan to extend the business of that company, and this clearly appears from the allegations in the 6th paragraph of the petition, and more clearly still from the Exhibit No. 2 filed with the petition.

The holders of the present bonds of the Baltimore Refrigerating and Heating Company have certain rights under and by virtue of the mortgage given to secure these bonds, and those rights can not be abridged by this court, no matter how advantageous to the company, how earnestly desired by a vast majority of the bondholders, or how important to the interest of the public in the preservation or improvement of municipal buildings.

The Court of Appeals in this State has declared the rule of law for Maryland in no uncertain tones on two occasions, in Hooper vs. Central Trust Co., 81 Md. 591, and Diamond Match Co. vs. Taylor, 83 Md. 394.

The rule as declared in these cases is in conformity with the great weight of authority throughout this country, and in accordance therewith the present petition will be dismissed.